IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                                                                                                                                                            **No. 18-cr-00920-JCH**

**DONNA SEGURA,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Donna Segura's pro se *Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)* (ECF No. 78).[1] Because Ms. Segura has not shown that extraordinary and compelling reasons warrant a sentence reduction, the Court denies her motion.

**I.**     **Background**

On May 6, 2019, Ms. Segura pled guilty to possessing with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine. *See* Plea Agreement 4, 5, 12 (ECF No. 41); *see also* 21 U.S.C. § 841(a)(1), (b)(1)(A). Ms. Segura also pled guilty to using a firearm in furtherance of a drug trafficking crime. *See* ECF No. 41, at 4, 6, 12; *see also* 18 U.S.C. § 924(c). On February 1, 2022, the Court sentenced Ms. Segura to 60 months of imprisonment. *See* Def.'s Mot for Compassionate Release 2 (ECF No. 78). Ms. Segura has served around 28 months of this sentence. *See id.* The Bureau of Prisons ("BOP") calculates that Ms. Segura will be released on May 3, 2025. *See id.*; United States' Resp. 1 (ECF No. 79).

---

[1] Because Ms. Segura proceeds pro se, the Court construes her brief liberally but does not serve as her advocate. *See United States v. Williams*, 848 F. App'x 810, 811 n.1 (10th Cir. 2021).

On April 11, 2023, Ms. Segura moved for a sentence reduction under 18 U.S.C. §3582(c)(1)(A), often called a motion for compassionate release. Ms. Segura writes, in full, "I am requesting compassionate release due to the [negligence] of medical not meeting my medical needs. My asthma condition has [deteriorated] and I am not [receiving] adequate care." ECF No. 78, at 5. She attaches extensive medical records that document pulmonary conditions and treatments.

The United States also attaches and summarizes Ms. Segura's medical records. *See* United States' Exs. 3-33 (ECF Nos. 79-3 to -33). These records include BOP Health Services notes from roughly thirty clinical encounters. The records describe medical conditions and appointments ranging in urgency, from check-ups on Ms. Segura's usage of asthma medication to treatment for an asthma attack resulting in a medical emergency.

## II.    Exhaustion of Administrative Remedies

A defendant may move to modify a term of imprisonment with a district court only after "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf *or* the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A) (emphasis added). The burden to prove exhaustion belongs to the defendant. *See United States v. Hemmelgarn*, 15 F.4th 1027, 1029 (10th Cir. 2021) ("[The defendant] has failed to provide proof that he exhausted his administrative rights as is required under § 3582(c)(1)(A).").

But Section 3582(c)(1)(A)'s exhaustion requirement is not a jurisdictional rule. *See Hemmelgarn*, 15 F.4th at 1030-31. Rather, the requirement is a mandatory claim-processing rule. *See id.* As a result, the government can waive or forfeit an exhaustion challenge to a motion for compassionate release. *See id.* And here, the government concedes exhaustion: "It appears

2

Defendant has satisfied this requirement by making at least one of her requests to the Warden on or about January 4, 2023. Thirty days have lapsed from the receipt of such a request by the Warden of Defendant's facility." ECF No. 79, at 9. The Court thus proceeds to the merits.

### III. Consideration of Merits

*United States v. McGee* detailed a three-step test for analyzing whether to grant compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). *See* 992 F.3d 1035, 1042-43 (10th Cir. 2021). A court may grant a defendant's motion only if the court finds that: (1) extraordinary and compelling reasons warrant a sentence reduction; (2) the sentence reduction reflects applicable policy statements issued by the Sentencing Commission; and (3) the reduction fits the district court's consideration of the 18 U.S.C. § 3553(a) factors. *Id.* A court may deny compassionate release motions when one of the three steps is lacking without addressing the others. *Id.* at 1043. The first *McGee* step—extraordinary and compelling reasons—decides this case.

Medical conditions rarely provide an extraordinary and compelling reason to warrant compassionate release. *See United States v. Willis*, 382 F. Supp. 3d 1185, 1188 (D.N.M. 2019). Courts have denied relief to incarcerated persons who suffer from sever pulmonary and respiratory conditions. *See, e.g.*, *United States v. Duran*, No. 21-4104, 2022 WL 4391880, *1-2 (10th Cir. Sept. 23, 2022) (affirming denial of compassionate release where defendant suffered from asthma and other medical problems); *United States v. Maxton*, No. 20-1428, 2022 WL 1112532, *1, *5 (10th Cir. Apr. 14, 2022) (affirming denial of compassionate release where patient suffered serious medical issues, including chronic obstructive pulmonary disease and asthma, and district court had considered availability of BOP medical treatment); *United States v. Gonzales*, 547 F. Supp. 3d 1083, 1126-27, 1130 (D.N.M. 2021) (holding defendant's severe asthma and severe respiratory

pain, among other health conditions, did not constitute extraordinary and compelling reasons warranting release).

The United States cites Ms. Segura's medical records to show that she received treatment every time she visited the BOP clinic for problems with her asthma. *See* ECF No. 79, at 9. Ms. Segura does not dispute that she received treatment. To be sure, she claims her treatment is inadequate. But she does not explain how her care falls short. Without more, and given the weight of authority, the Court finds no extraordinary and compelling reason that would warrant a sentence reduction. And because Ms. Segura does not satisfy one of the three *McGee* steps, she is not entitled to compassionate release under 18 U.S.C. § 3582(c)(1)(A). *See McGee*, 992 F.3d at 1043.

## IV.   Conclusion

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that *Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)* (**ECF No. 78**) is **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE