IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                         No. 18-cr-00920-JCH

DONNA SEGURA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Donna Segura's *Renewed Motion for Reduction of Sentence* (ECF No. 81). As with her prior motion for compassionate release, Ms. Segura has not shown that extraordinary and compelling reasons warrant a sentence reduction.

**I.    Background**

The Court incorporates the background facts from its memorandum opinion and order of June 9, 2023, denying Ms. Segura's pro se motion for compassionate release. *See* Mem. Op. & Order (ECF No. 80). The Court concluded that Ms. Segura's medical conditions did not constitute an extraordinary and compelling reason that warranted a sentence reduction. *See id.* at 3. On July 21, 2023, Ms. Segura—now represented by counsel—again moved for a sentence reduction. She requests that the Court reduce her sentence by twelve months. Ms. Segura's justification for a sentence reduction is that she is a model inmate who has completed rehabilitative programming. *See* ECF No. 81, ¶¶ 7-12.

**II.    Discretion to Hear a Motion to Reconsider**

"Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them." *United States v. Christy*, 739 F.3d 534,

1

539 (10th Cir. 2014). For criminal motions to reconsider, the Tenth Circuit borrows from its civil cases that construe Federal Rule of Civil Procedure 59(e): "A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law." *Id.* (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing Fed. R. Civ. P. 59(e))). Grounds for relief under Rule 59(e)—and thus grounds for relief in a criminal motion to reconsider—include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *United States v. Huff*, 782 F.3d 1221, 1224 (10th Cir. 2015) (quoting *Servants of Paraclete*, 204 F.3d at 1012).

Rule 59(e) does not allow a litigant to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012; *see also Christy*, 739 F.3d at 539 ("A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier."). In fact, a district court will abuse its discretion if it grants a Rule 59(e) motion that merely raises new arguments that could have been raised earlier. *See Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) ("Given the strength of this interest in finality, we have restricted district courts' discretion when ruling on motions based on Rule 59(e)."). Because Ms. Segura now raises arguments that were available when she first moved for a reduced sentence, the Court would ordinarily decline to consider her new motion.

In an abundance of caution, however, the Court will proceed to the merits of Ms. Segura's motion to reconsider. Ms. Segura was a pro se litigant for her first motion, but she is now represented by counsel. Continuing to the merits—rather than denying her new motion for reasons of finality—guarantees that Ms. Segura is not denied the benefit of her new legal representation. *See, e.g.*, *Brin v. State*, No. 97-cv-04243, 2000 WL 1542830, at *1 (D. Kan. Sept. 19, 2000) ("[T]he

court invited counsel to revisit one issue, given the fact that the plaintiff was pro se at the time his complaint was filed, and is now represented by counsel." (citation omitted)).

### III.   Consideration of Merits

*United States v. McGee* detailed a three-step test for analyzing whether to grant compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). *See* 992 F.3d 1035, 1042-43 (10th Cir. 2021). A court may grant a defendant's motion only if the court finds that: (1) extraordinary and compelling reasons warrant a sentence reduction; (2) the sentence reduction reflects applicable policy statements issued by the Sentencing Commission; and (3) the reduction fits the district court's consideration of the 18 U.S.C. § 3553(a) factors. *Id.* A court may deny compassionate release motions when one of the three steps is lacking without addressing the others. *Id*. at 1043. The first *McGee* step—extraordinary and compelling reasons—decides this case.

Ms. Segura's justification for a sentence reduction is that she is a model inmate who has completed rehabilitative programming. She acknowledges that she is ineligible for First Step Act time credits because she pled guilty to using a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). *See* 18 U.S.C. § 3632(d)(4)(D)(xxii) ("A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under . . . Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime."). Still, she requests the sentence reduction (twelve months) that she claims she would receive if she were eligible for FSA time credits. *See* ECF No. 81, ¶ 11. The implication of Ms. Segura's motion is that the combination of her rehabilitation and her ineligibility for FSA time credits creates an extraordinary and compelling reason that warrants a sentence reduction.

Although Ms. Segura's completion of rehabilitative programming is commendable, "[c]ourts have made it clear that rehabilitation alone is not an extraordinary and compelling reason for release or reduction in sentence." *United States v. Cook*, Nos. 10-cr-60019 & 14-10100, 2023 WL 3019671, at *2 (D. Kan. Apr. 19, 2023); *see also United States v. Mata-Soto*, 861 F. App'x 251, 255 (10th Cir. 2021) ("[Defendant] also cited his successful rehabilitation efforts, but the district court correctly determined that rehabilitation alone could not constitute an extraordinary and compelling reason warranting release."). Nor does statutory ineligibility for FSA time credits constitute an extraordinary and compelling reason that warrants release. *See United States v. Bryant*, No. 04-cr-00047, 2023 WL 4355053, at *4 (W.D. Va. July 5, 2023) (rejecting defendant's argument that "being completely disqualified from earning FSA time credits is arguably an extraordinary and compelling circumstance" (internal quotations omitted)). Were the Court to hold otherwise, the Court would effectively nullify 18 U.S.C. § 3632(d)(4)(D)(xxii).

Thus, the Court finds no extraordinary and compelling reason that would warrant a sentence reduction. And because Ms. Segura does not satisfy one of the three *McGee* steps, she is not entitled to compassionate release under 18 U.S.C. § 3582(c)(1)(A). *See McGee*, 992 F.3d at 1043.

IV.   **Conclusion**

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant Donna Segura's *Renewed Motion for Reduction of Sentence* (**ECF No. 81**) is **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE