IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

      v.                                                    CR. No. 18-920 JCH

**DONNA SEGURA,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

This case is before the Court on Defendant's pro se *Motion for Sentence Reduction Under USSG 821 Amendment* [Doc. 86], filed January 18, 2024. On April 3, 2024, the Government filed its response [Doc. 88] and on April 8, 2024, the Federal Public Defender stated it was declining to file a motion on behalf of Defendant [Doc. 89]. Defendant did not file a reply. For the reasons stated herein, the Court will deny the motion.

## APPLICABLE LAW

Under 18 U.S.C. § 3582(c)(2), a sentence may be reduced "'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission [(the "Commission")] pursuant to 28 U.S.C. § 994(o)' and made retroactive pursuant to § 994(u)." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting § 3582(c)(2)). When the Commission makes an amendment to the Federal Sentencing Guidelines (the "Guidelines") retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision. However,

ameliorative amendments to the Guidelines do not create a right to a sentence reduction. *United States v. Osborn*, 679 F.3d 1193, 1196 (10th Cir. 2012).

Prior to November 1, 2023, the Guidelines assessed two criminal history points, known as "status points," for an offense committed "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S. Sent'g Guidelines Manual § 4A1.1(d) (pre-amendment). Beginning November 1, 2023, Amendment 821 to the Guidelines went into effect. In Part A of Amendment 821, the Commission altered the "status points" provision such that a person who has seven or more criminal history points now receives only one additional "status point," instead of two. In addition, a person with six or fewer criminal history points now receives no status points. *See id*. § 4A1.1(e).

Under Part B of Amendment 821, § 4C1.1(a) now provides a two-offense-level reduction for offenders who present with zero criminal history points if the offender satisfies ten prerequisites for eligibility, including that the offender did not possess a firearm in connection with the offense. *See id*. § 4C1.1(a)(7). The Commission determined that the above changes should apply retroactively. Here, Defendant seeks a reduced sentence based on Part B of Amendment 821.

## DISCUSSION

After reviewing the motion, the response, and the record, the Court concludes that Defendant is ineligible for a reduction in her sentence under 18 U.S.C. § 3582(c)(2) based on Part B of Amendment 821. Defendant was a zero-point offender at the time of sentencing, resulting in a criminal history category of I from Chapter Four, Part A, of the Guidelines. However, Defendant is ineligible for the zero-point offender adjustment because she does not satisfy all ten prerequisites for eligibility laid out in § 4C1.1(a). Specifically, Defendant possessed multiple firearms in

connection with the offenses. Accordingly, she fails to satisfy the seventh requirement of § 4C1.1(a).

Even if Defendant were eligible for a reduction in her sentence, she still would not be entitled to relief. With a total offense level of 29 and a criminal history category of I, the guideline imprisonment range was 87 to 108 months. Presentence Investigation Report, Doc. 52 at ¶ 72. The Court imposed a sentence of 60 months of imprisonment, below the bottom of the guideline range. [Doc. 75]. If the Court granted relief under Part B, Defendant's total offense level would be reduced to 27 and the adjusted guideline range would be 70 to 87 months. Defendant's sentence is already below that range. No further relief is permissible, as courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution. *Dillon v. United States*, 560 U.S. 817, 827 (2010) (quoting U.S. Sent'g Guidelines Manual § 1B1.10(b)(2)(A)).

Accordingly, the motion is without merit and will be denied.

**IT IS THEREFORE ORDERED** that Defendant's pro se *Motion for Sentence Reduction Under USSG 821 Amendment* [Doc. 86] is **DENIED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**